1

2                                              O

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   ANDREW KWASI DONKOR,           )   Case No. EDCV 11-1641-GW (DTB)
                                     )
12                    Petitioner,    )
                                     )
13   vs.                             )   ORDER SUMMARILY DISMISSING
                                     )   ACTION FOR LACK OF SUBJECT
14   THE UNITED STATES OF            )   MATTER JURISDICTION
     AMERICA; ARNOLD                 )
15   SCHWARZENEGGER;                 )
     EDMUND G. BROWN, JR.;           )
16   CALIFORNIA DEPARTMENT           )
     OF CORRECTIONS AND              )
17   REHABILITATION;                 )
     CALIFORNIA BOARD OF             )
18   PRISON TERMS; CALIFORNIA        )
     BOARD OF PAROLE;                )
19   CAPTAIN RUBEN; PAUL R.          )
     BABEU; KATRINA S. KANE;         )
20   ERIC H. HOLDER, JR.; JANE       )
     NAPOLITANO; SHERRI R.           )
21   CARTER; RAYMOND                 )
     PLACENTIA; OFFICER              )
22   GOLDSTEIN; OFFICER              )
     WESTON; JOSEPH MORRIS;          )
23   DETECTIVE BOB BACKES;           )
     INVESTIGATOR MELVIN             )
24   VANCE; ROD PACHECO;             )
     VICKI M. HIGHTOWER;             )
25   LETICIA BELTRAN; and            )
     SARAH MORENO,                   )
26                                   )
                      Respondents.   )
27   _____

28        Petitioner is currently in the custody of the Department of Homeland Security,

                                     1

Immigration, and Customs Enforcement incarcerated at the Pinal County Jail in Florence, Arizona. On October 13, 2011, petitioner filed a document entitled "Motion for Immediate Release in Support of All Writs Act, 28 USC § 1651 and 28 USC § 2241 and 2242 Petition for Writ of Habeas Corpus" herein, which the Court construed as a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.  On November 4, 2011, petitioner filed an "Amended Petition" pursuant to 28 U.S.C. § 2241 ("FAP").

Insofar as the Court can glean, the FAP appears to be challenging petitioner's immigration removal proceedings based upon his contention that his underlying California state court convictions were improperly considered for purposes of his immigration proceedings.   Petitioner also appears to be alleging that certain individuals violated his civil rights during the immigration removal proceedings and purports to seek relief under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).[1]

For the reasons discussed hereafter, this action is subject to dismissal because the Court lacks jurisdiction to consider this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DISCUSSION**

---

[1]      Petitioner has initiated a number of actions in the United States District Court, Central District of California, all of which appear to be seeking substantially similar relief.  (See Case Nos. 11-0657-GW (DTB), 11-1596-GW (DTB), 11-1732-GW (DTB), and 11-1550-GW (DTB).)  The Court has addressed each of these cases under separate cover.

## I.     The Court lacks subject matter jurisdiction.

As explained, petitioner appears to be primarily seeking to challenge his immigration removal proceedings. However, the Court lacks jurisdiction in this action because petitioner's claims appear to directly challenge his underlying immigration removal order.

The REAL ID Act of 2005[2] eliminates district court habeas jurisdiction over orders of removal in immigration proceedings and vests jurisdiction to review such orders exclusively in the courts of appeals. See Momeni v. Chertoff, 521 F.3d 1094, 1095-96 (9th Cir. 2008); see also 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law . . . including section 2241 . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."). Accordingly, the Real ID Act of 2005 divests this Court of jurisdiction to review petitioner's removal order and, therefore, the Court lacks jurisdiction over petitioner's claims.

The Court notes that, although the REAL ID Act of 2005 has eliminated the district court's jurisdiction in some respects, the district courts retain subject matter jurisdiction over 28 U.S.C. § 2241 petitions that do not involve final orders of removal. See Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006); see also Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942, 946 (9th Cir. 2008). Specifically, an alien detainee may be entitled to federal habeas corpus relief under 28 U.S.C. § 2241 if he has been subjected to prolonged and indefinite detention as defined by the Supreme Court, see Zadvydas v. Davis, 533 U.S. 678, 687, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)[3] and/or he has not been provided an adequate

---

[2]     See Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).

[3]     In Zadvydas, the Supreme Court considered a challenge to the prolonged
(continued...)

3

opportunity to contest the necessity of his continued detention through the immigration removal proceedings, <u>Casas-Castrillon</u>, 535 F.3d at 950-51. As currently pled, the FAP does not appear to raise such a claim.[4] To the extent petitioner believes that he is entitled to relief on this basis, he may file another writ of habeas corpus pursuant to 28 U.S.C. § 2241, provided that he addresses this claim in a simple, concise, and direct manner so that the Court and respondents are provided adequate notice of such allegations.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3](...continued) detention of two aliens who were being held in post-removal period detention at the discretion of the Attorney General under Section 1231(a)(6). 533 U.S. at 682-86. Acknowledging that a statute permitting the indefinite detention of aliens would "raise a serious constitutional problem," the Court concluded that Congress had not expressly authorized the continued detention of aliens beyond a period reasonably necessary to secure the alien's removal. <u>Id.</u> at 690, 699-700. The Court held that after a presumptively reasonable six-month period of post-removal period detention, the alien was entitled to release if he successfully demonstrated that there was "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." <u>Id.</u> at 701.

[4]     Petitioner has a separate action pending (Case No. 11-0657-GW (DTB)), in which he vaguely alluded to a claim that he is being subjected to indefinite detention. However, as explained in separate order addressing that action, those allegations, as currently pled, are conclusory and insufficient to state a prolonged detention claim. <u>See</u> <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th Cir. 1995) (conclusory allegations unsupported by a statement of specific facts do not warrant habeas relief); <u>see also</u> <u>Greenway v. Schriro</u>, 653 F.3d 790, 804 (9th Cir. 2011).

4

## II.    Petitioner has not adequately alleged a civil rights claim.

Petitioner also appears to be alleging various civil rights violations purportedly pursuant to <u>Bivens</u>.  For instance, it appears petitioner is alleging violations under the Fifth and Fourteenth Amendments because he was allegedly arrested for an immigration violation pursuant to an improper arrest warrant.  (FAP at 8.)

To the extent petitioner believes he has a basis for a civil rights claim, his appropriate recourse would be to file a civil rights complaint alleging such.  Petitioner is reminded of the pleading requirement in Fed. R. Civ. P. 8, which requires a short and plain statement identifying his claims and providing simple, concise, and direct factual allegations supporting these claims.  <u>See</u> Fed. R. Civ. P. 8.  Petitioner should omit any irrelevant and unnecessary facts and duplicative or unsupported claims.  As currently alleged, petitioner's allegations fall woefully short of meeting these pleading standards.  Most of his allegations are legal conclusions.  The few factual allegations are vague and incomplete.  Presently, the Court cannot ascertain the basis for a civil rights violation.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

Moreover, the Ninth Circuit has recently held that an alien may not sue federal agents under <u>Bivens</u> for wrongful detention pending removal.  <u>Mirmehdi v. United States</u>, – F.3d –, 2011 WL 5222884, *4 (9th Cir. 2011).  In <u>Mirmehdi</u>, following removal proceedings that resulted in the plaintiffs' release from detention, the plaintiffs brought an action seeking monetary damages based, in part, on their unlawful detention.  After the district court dismissed almost all of the plaintiffs' claims, the plaintiffs appealed.  Among other things, the plaintiffs appealed the dismissal of their claim against two federal agents based on wrongful detention under <u>Bivens</u>.  <u>Id.</u> at *1.  The Ninth Circuit declined to extend <u>Bivens</u> to allow the plaintiffs to sue the federal agents for wrongful detention pending deportation, concluding that Congress has established extensive remedial procedures in the immigration system itself and the unique foreign policy considerations implicated in the immigration

5

1  context counseled against extending <u>Bivens</u>.  <u>Id.</u> at *4.  As such, the Ninth Circuit has

2  significantly limited the circumstances under which an alien may pursue a <u>Bivens</u>

3  action based on removal proceedings.

4

5                                                    **ORDER**

6          For the foregoing reasons, IT IS ORDERED that this action be summarily

7  dismissed without prejudice.

8          LET JUDGMENT BE ENTERED ACCORDINGLY.

9

10 DATED:        December 12, 2011

11

12                                                                    _____

13                                                                    GEORGE H. WU
                                                                      UNITED STATES DISTRICT JUDGE

14 Presented by:

15

16 _____

17 David T. Bristow
   United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

                                                         6